# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company      :
     :
        v.                :   No. 964 C.D. 2016
     :   SUBMITTED: January 27, 2017
Philadelphia Parking Authority,      :
               Appellant      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
JUDGE HEARTHWAY             FILED: April 26, 2017


Philadelphia Parking Authority (Authority) appeals from a May 13, 2016 order of the Court of Common Pleas of Philadelphia County (trial court), which reversed the Authority's decision, determining that the Authority failed to show that the Germantown Cab Company (Germantown) was subject to the Authority's protective shield requirement set forth in Section 1017.5(b)(12) of Title 52 of the Pennsylvania Code.[1] We affirm.

---

[1] 52 Pa. Code §1017.5(b)(12) provides in pertinent part that taxicabs "must be equipped with a protective shield which separates the front seat from the back seat and bears the manufacturer's name…."

On April 24, 2014, Inspector Matthew Black of the Taxicab and Limousine Division (TLD) of the Authority issued citation T-16817 to Germantown for violating 52 Pa. Code §1017.5(b)(12) (no protective shield). Germantown appealed the citation and requested a hearing on the merits. Hearings were scheduled on three separate dates and continued at the request of Germantown on each occasion. A hearing was ultimately held on March 11, 2015, at which Germantown did not appear.

The TLD only presented the testimony of Inspector Black. Inspector Black stated that on April 24, 2014, he conducted a routine inspection of the taxicab, which was located in a City of Philadelphia (City) impoundment lot. Inspector Black stated that "[t]he car was live stopped by the police department for [an] unauthorized driver."[2] (N.T. at 7.) Inspector Black stated that the vehicle was being operated within the City at the time it was stopped. (*Id.*) Inspector Black determined that the taxicab did not have a driver safety shield as required by the Authority's regulations and thus, issued the citation against Germantown. (*Id.*) The Authority sustained the citation and imposed a civil penalty of $100.00, along with an administration fee of $75.00, for a total of $175.00. Germantown appealed to the trial court.

---

[2] The inspection report indicates that the taxicab driver was operating the vehicle with a suspended driver's license.

The trial court reasoned that because the taxicab is a partial rights taxicab[3] it may be regulated by the PUC and/or the Authority while operating within certain areas of the City. Thus, the Authority must establish that the taxicab was actually providing point-to-point service within the City and outside of its certificate at the time of the violation. The trial court determined that the Authority failed to present any evidence that the taxicab was providing taxicab service in the City or that it was operating outside of its certificate at the time it was impounded. The trial court reversed and the Authority appealed to this Court.[4] We affirm on other grounds.

This Court in *Bucks County Services, Inc. v. Philadelphia Parking Authority*, (Pa. Cmwlth., No. 584 M.D. 2011, filed November 28, 2016) (single-judge opinion by Brobson, J.), determined that the Authority's regulations were invalid and unenforceable towards partial rights taxicabs. On January 3, 2017, this Court amended its original order in *Bucks County Services* and declared invalid, among other regulations, 52 Pa. Code §1017.5(b)(12) (protective shield

---

[3] The Authority regulates the operation of taxicabs in the City, while the PUC regulates all other taxicabs in Pennsylvania. Taxicabs that only partially operate within the City are considered partial rights taxicabs. A partial rights taxicab may only provide service in the City pursuant to a certificate issued by the Authority. 52 Pa. Code § 1015.2(a). Here, the Germantown taxicab operated mostly outside the City but had a certificate to operate partially within the City. Thus, the Germantown taxicab was a partial rights taxicab.

[4] The Authority functions as an agency of our Commonwealth in taxicab cases. *Germantown Cab Company v. Philadelphia Parking Authority*, __ A.2d ___, ___ n. 4 (Pa. Cmwlth., No. 993 C.D. 2016, filed March 6, 2017). Our review is thus limited to determining whether constitutional rights or agency procedures were violated, whether errors of law were committed, and whether the findings of fact were supported by substantial evidence. (*Id.*)

requirement).  (*Bucks County Services,* Memorandum and Order, 1/3/17, at 3-5.)
This Court reasoned that:

> the manner in which the Authority enacted its 2011 regulations without any consideration of the material differences between medallion taxicabs and partial rights taxicabs and the resulting disproportionate burdens placed upon partial rights taxicabs evidences a purely arbitrary exercise of the Authority's rulemaking power, which resulted in regulations that were bereft of any reasonableness with respect to partial rights taxicabs.

(*Id.* at 2-3.)

Because this Court has invalidated the Authority's regulation requiring protective shields in partial rights taxicabs, we must affirm the trial court's order reversing the Authority's determination upholding the citation issued against Germantown for lack of a protective shield.

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company      :
                                        :
                v.               :   No. 964 C.D. 2016
                                          :
Philadelphia Parking Authority,  :
             Appellant    :

O R D E R

AND NOW, this 26th day of April, 2017, the order of the Philadelphia County Court of Common Pleas in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge